UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

TERRY H. MOORE

CASE NO. 8:10 CR 22-T 24 TBM
18 U.S.C. § 371

# INFORMATION

The United States Attorney charges:

## COUNT ONE

### A. Introduction

At times material to this Information:

**The Scheme to Defraud**

1. The defendant, TERRY H. MOORE, and others participated in a scheme that advocated the intentional and deliberate disruption of the assessment, ascertainment, and collection of federal income tax by, among other means: filing false and fraudulent tax returns; using a nominee business bank account for personal income and expenses; submitting worthless drafts to the Internal Revenue Service written on closed checking accounts to obtain satisfactions of outstanding tax debts; submitting worthless drafts to the Internal Revenue Service written on closed checking accounts-to-obtain a tax refund for an ostensible over payment; submitting non-responsive and vexatious correspondence to the Internal Revenue Service; and submitting fraudulent documents to the Internal Revenue Service.

### The Defendant

2.  Defendant MOORE was a resident of Riverview, Florida and a principal in the scheme to defraud described below.

### The Government Agency

3.  The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury. The IRS had responsibility for the ascertainment, computation, assessment and collection of taxes, including individual income taxes.

### B. The Conspiracy

4.  From in or about March 2000, the exact date being unknown to the United States Attorney, to in or about June 2009, in the Middle District of Florida, and elsewhere,

TERRY H. MOORE,

defendant herein, did knowingly and willfully conspire, combine, confederate, and agree with individuals both known and unknown to the United States Attorney to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service ("IRS") of the U.S. Department of Treasury in the ascertainment, computation, assessment, and collection of federal income taxes.

### C. Manner and Means of the Conspiracy

5.  It was a part of the conspiracy that the defendant and others would and did form a sham trust which was intended to assist those individuals in concealing income and assets and preventing the assessment, ascertainment, and collection of taxes.

6. It was a part of the conspiracy that the defendant would and did utilize a nominee bank account to conceal income and assets in order to prevent the assessment, ascertainment, and collection of taxes.

7. It was further a part of the conspiracy that the defendant would and did open a personal checking account, and cause another to open a personal checking account, obtain drafts for those accounts, close the accounts, and then submit worthless, obsolete drafts from those accounts to the IRS in satisfaction of outstanding tax debts and liens.

8. It was further a part of the conspiracy that the defendant would and did submit worthless checks written on closed bank accounts to the IRS in amounts totaling more than their outstanding tax debt and then attempt to obtain refunds from the IRS for the overage.

9. It was further a part of the conspiracy that the defendant would and did make false and misleading statements and representations to IRS agents and would and did send frivolous and vexatious correspondence to the IRS for the purpose of concealing true information relating to his income.

10. It was further a part of the conspiracy that the defendant would and did file false and fraudulent Form 1040 income tax returns and Form 1040X amended returns with the IRS.

11. It was further a part of the conspiracy that the defendant and others would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

## D. Overt Acts

12. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

a) On or about March 20, 2000, the defendant TERRY H. MOORE caused to be submitted to the IRS a false and fraudulent 1999 Form 1040 Income Tax Return in which he excluded approximately $65,989 of taxable income;

b) On or about January 31, 2001, the defendant TERRY H. MOORE met with Co-conspirator One to execute documents which purported to create an "unincorporated business trust organization" (UBTO) for a fictitious entity called "On Line Communications."

c) On or about March 30, 2001, the defendant TERRY H. MOORE opened a nominee business checking account at the First Union Bank branch in Riverview, Florida, in the name of "On Line Communications," account number ****6299.

d) On or about July 25, 2001, the defendant TERRY H. MOORE sent or caused to be sent to the IRS correspondence containing frivolous and obstructive responses to a letter from the IRS concerning his 1999 tax liability.

e) From in or about August 2001 until in or about July 2007, the defendant TERRY H. MOORE cashed income checks at his employers' banks and then deposited the cash proceeds into the On Line Communications business checking account ****6299 at First Union Bank.

f)  From in or about April 2002 to in or about May 2006, the defendant TERRY H. MOORE deposited salary checks into the On Line Communications business checking account ****6299 at First Union Bank.

g)  Defendant TERRY H. MOORE willfully failed to file income tax returns for the years 2003 through 2007 even though he earned income above the threshold for filing returns.

h)  On or about March 4, 2004, defendant TERRY H. MOORE caused to be filed with the Internal Revenue Service a false and fraudulent Form 1040X Amended Individual Tax Return for tax year 1999. In this amended tax return the defendant failed to report taxable income and claimed to offset income with a deduction for "an unrestricted claim of right for personal labor."

I)  From in or about December 2004 until in or about December 2006, the defendant TERRY H. MOORE wrote checks for personal items such as jewelry on the On Line Communications business checking account ****6299 at First Union Bank.

j)  On March 16, 2005, the defendant TERRY H. MOORE opened a personal checking account at Suntrust Bank, account number ****9724, and deposited a total of $80.00 into that account.

k)  On April 6, 2005, the defendant TERRY H. MOORE closed the Suntrust personal checking account, number ***9724.

l)   On July 8, 2005, the defendant TERRY H. MOORE submitted six checks to the IRS totaling $255,945.76, and drawn on the ****9724 account at Suntrust Bank that he had closed three months earlier.

In violation of Title 18, United States Code, Section 371.

A. BRIAN ALBRITTON
United States Attorney

By: *[signature]*
CHERIE L. KRIGSMAN
Assistant United States Attorney

By: *[signature]*
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, Economic Crimes Section

By: *[signature]*
TODD A. ELLINWOOD
Trial Attorney
United States Department of Justice
Tax Division